UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCCO ROMEO

Petitioner,

- against -

FEDERAL BUEREAU OF PRISONS, BRONX COMMUNITY REENTRY CENTER (GEO), UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE,

Respondents.

**ORDER**

22 Civ. 5963 (PGG) (VF)

PAUL G. GARDEPHE, U.S.D.J.:

Pro se Petitioner Rocco Romeo has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Pet. (Dkt. No. 2)) Magistrate Judge Valerie Figueredo submitted a Report and Recommendation ("R&R") recommending that this Court deny the petition as moot. (R&R (Dkt. No. 17) at 1).[1] For the reasons stated below, this Court will adopt the R&R in its entirety and deny the petition as moot.

## BACKGROUND

On February 4, 2021, Petitioner was sentenced to two years' imprisonment and three years' supervised release after pleading guilty to wire fraud, in violation of 18 U.S.C. § 1343, and to money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i). (See Judgment in United States v. Romeo, 19 Cr. 586 (VB), Dkt. No. 61 at 1-3)

On July 19, 2021, Petitioner entered a Residential Drug Abuse Program ("RDAP") pursuant to 18 U.S.C. § 3621(e). (Chan Decl. (Dkt. No. 14) ¶ 7) On May 9, 2022, Petitioner was

[1] The page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

placed in a Residential Reentry Center, and on June 28, 2022, he was placed on home confinement. (Id. ¶¶ 8-9) On September 6, 2022, he was released from Bureau of Prisons custody (id. ¶ 9), and on September 6, 2025, his term of supervised release ended. (Id.; Judgment in United States v. Romeo, 19 Cr. 586 (VB), Dkt. No. 61 at 1-3)

The Petition was filed on July 11, 2022, while Petitioner was on home confinement. (See Pet. (Dkt. No. 2) at 17) According to Petitioner, he "completed a staggering number of programs promulgated and approved of under [the First Step Act]," but was nonetheless improperly denied at least six months of Earned Time Credits under the First Step Act, which would have shortened the time he spent in home confinement. (Id. at 18, 25)

On October 11, 2022, this Court referred the Petition to Magistrate Judge Figueredo for a Report & Recommendation ("R&R"). (See Order of Ref. (Dkt. No. 12))

On October 25, 2022, Respondents filed a memorandum of law in opposition to the Petition. (Resp. Opp. (Dkt. No. 13)) Respondents argued that the petition should be denied because (1) the petition is moot, given that "the BOP has released [Petitioner] from custody"; (2) Petitioner "has not suffered any due process violations" and therefore "his claims of APA violations are meritless"; and (3) Petitioner "failed to exhaust his administrative remedies and he has not demonstrated any reasons excusing his failure to exhaust." (Id. at 6-7)

On June 23, 2025, Judge Figueredo issued a thorough and well-reasoned R&R addressing the Petition. (R&R (Dkt. No. 17)) Judge Figueredo recommends that this Court deny the Petition as moot because "the Court cannot grant Petitioner any form of relief related to the application of [First Step Act] credits, even if Petitioner were to successfully establish that the credits were improperly withheld." (Id. at 9) Judge Figueredo concludes that "[a]lthough Petitioner's release from the BOP's custody did not [itself] moot his petition," "the Court cannot

apply the credits to any term of prerelease custody because no term exists." (Id. at 8-9) And "[t]o the extent Petitioner seeks to shorten the term of his supervised release, credits earned under the [First Step Act] cannot be applied to shorten the term of supervised release." (Id. at 9 (citing Goggans v. Jamison, No. 1:23-CV-03645-GHW, 2023 WL 7389136, at *2 (S.D.N.Y. Oct. 13, 2023)) Judge Figueredo also notes that "Petitioner's term of supervised release will expire on September 6, 2025," and "once Petitioner is no longer serving a term of supervised release, his petition will be moot." (Id. (citing Alcine v. Decker, No. 17-CV-3754 (RA), 2019 WL 988944, at *1 (S.D.N.Y. Feb. 19, 2019))

In her R&R, Judge Figueredo informs the parties that they have fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 11) The R&R explicitly warns that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (Id. (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010))

No objections to the R&R have been filed.

## DISCUSSION

## I. LEGAL STANDARDS

### A. Waiver of Right to Review

Under 28 U.S.C. § 636(b)(1)(C), this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Where a timely objection to an R&R is filed, "those portions of the report or specific proposed findings or recommendations [that are objected to]" are subject to de novo review by the district court judge.

Where no objections are filed to a magistrate judge's R&R, judicial review is waived. See Thomas, 474 U.S. at 155.

Here, the R&R provides clear notice that a failure to file objections will result in a waiver of judicial review. Given that no objections were filed by either side, judicial review of the R&R has been waived. See Thomas, 474 U.S. at 147-48; Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008) (per curiam) ("In general, 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

**B. 22 U.S.C. § 2241**

Under 28 U.S.C. § 2241, courts may grant a writ of habeas corpus where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

"A habeas petition, like any other type of case, must satisfy the Constitution's case-or-controversy requirement." Harnett v. Russell, No. 22-CV-00589 (HG), 2023 WL 392208, at *2 (E.D.N.Y. Jan. 25, 2023) (citing Janakievski v. Exec. Dir., Rochester Psychiatric Ctr., 955 F.3d 314, 319 (2d Cir. 2020). "To state a case or controversy under Article III, a plaintiff must establish standing." Arizona Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 133 (2011). "[T]he 'irreducible constitutional minimum' of standing consists of three elements.

The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (internal citations omitted) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990)). "A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever to the prevailing party.'" Knox v. Serv. Emps. Int'l Union, Loc. 1000, 567 U.S. 298, 307 (2012) (quoting City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000)).

Where a petitioner is incarcerated, his "challenge to the validity [or execution] of his conviction always satisfies the case-or-controversy requirement." Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Baez v. Tellez, No. 21 Civ. 4760 (DC), 2023 WL 2020962, at *2 (E.D.N.Y. Feb. 15, 2023) (applying Spencer to Section 2241 petitioner's challenge regarding application of First Step Act credits to his sentence). Where a petitioner is released from custody, however, he "must show some 'collateral consequence' of the conviction, meaning 'some concrete and continuing injury other than the now-ended incarceration or parole,' to establish a live case or controversy." Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004) (quoting Spencer, 523 U.S. at 7); Baez, 2023 WL 2020962, at *2 (noting that a released petitioner's request for Section 2241 relief becomes moot unless "there remains 'some concrete and continuing injury' despite the release" (quoting Spencer, 523 U.S. at 7)).

## II. ANALYSIS

Petitioner seeks six months of "Earned Time Credits under the First Step Act" to shorten either his period of home confinement or his term of supervised release. (See Pet. (Dkt.

No. 2) at 18, 25) Judge Figueredo concludes that the Petition should be denied as moot. (R&R (Dkt. No. 17) at 8-10)

As discussed above, because no objection to the R&R has been filed, judicial review has been waived. This Court has nonetheless reviewed Judge Figueredo's comprehensive and well-reasoned R&R, and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1198 (S.D.N.Y. 1985) (citations omitted); see also Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) ("'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" (quoting Chimarev v. TD Waterhouse Inv. Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003))).

Given that Petitioner's home confinement ended in September 2022, and his supervised release term ended in September 6, 2025, Petitioner has not alleged or demonstrated a concrete and continuing injury stemming from the calculation of his earned time credits. Baez, 2023 WL 2020962, at *2. Because "it is impossible for [the] court to grant any effectual relief whatever," this case is moot. Pap's A.M., 529 U.S. at 287.

Accordingly, this Court agrees with Judge Figueredo's determination that the Petition must be denied as moot.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and the Petition is denied as moot. The Clerk of Court is directed to close this case.

Dated: New York, New York
September 4, 2026

SO ORDERED.

Paul G. Gardephe
United States District Judge